```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
MICHAEL M.J. MATHIE, IV,

                Plaintiff,
                                         MEMORANDUM & ORDER
    -against-                            14-CV-6577(JS)(GRB)

DR. LAWRENCE WOMACK, MD.,

                Defendant.
----------------------------------X
APPEARANCES
For Plaintiff:     Michael M.J. Mathie, IV, pro se
                   63 Otis Road
                   Islip Terrace, NY 11752

For Defendant:     No appearance
```

SEYBERT, District Judge:

On November 6, 2014, pro se plaintiff Michael M.J. Mathie IV ("Plaintiff") filed a Complaint in this Court pursuant to the Health Insurance Portability and Accountability Act of 1996, Pub. L. 104-191, 110 Stat. 1936 ("HIPAA") and N.Y. Public Health Law § 18 against Dr. Lawrence Womack ("Defendant"), accompanied by an application to proceed in forma pauperis.

Upon review of the declaration in support of Plaintiff's application to proceed in forma pauperis, the Court finds that Plaintiff is qualified to commence this action without prepayment of the filing fee. See 28 U.S.C. §§ 1914(a); 1915(a)(1). Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED. However, for the reasons that follow, Plaintiff's HIPAA claim is sua sponte DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Court declines to exercise supplemental

jurisdiction over Plaintiff's remaining state law claim, and it is DISMISSED WITHOUT PREJUDICE to being refiled in state court.

BACKGROUND[1]

Plaintiff's Complaint seeks to recover monetary damages pursuant to HIPAA and N.Y. Public Health Law § 18 for alleged violations thereof by the Defendant, who is alleged to be Plaintiff's primary care physician at all times relevant to the Complaint.  (Compl. ¶¶ II.A, IV.1.)  Plaintiff alleges that the Defendant "failed to provide [P]laintiff's health insurance company with the appropriate documentation to allow the [P]laintiff to be reimbursed for his out of pocket prescription cost(s) or to prescribe an alternative medication that [P]laintiff's insurance company would pay for in the alternative, without requesting prior authorization from the insurance company."  (Compl. ¶ IV.2.)  The Complaint then details Plaintiff's efforts to get the Defendant to communicate with Plaintiff's insurance company during the period May 2014 through August 2014.  (Compl. ¶¶ IV.3-6.)  Plaintiff claims that Defendant did not comply with Plaintiff's repeated requests that Defendant contact Plaintiff's insurance company on Plaintiff's behalf.  (Compl. ¶¶ IV.7-9.)

Accordingly, Plaintiff alleges that he sent written requests to Defendant on August 7, 2014 and August 19, 2014

---

[1] The following facts are taken from Plaintiff's Complaint and are presumed to be true for the purpose of this Memorandum and Order.

2

requesting copies of Plaintiff's entire medical records to be personally picked up by Plaintiff and that Defendant did not respond to either request. (Compl. ¶¶ IV.6-9, 14.)

As a result of the Defendant's failure to provide the requested information to Plaintiff or his insurance company, Plaintiff claims that he is now foreclosed from being reimbursed for prescriptions totaling $2,700.00. (Compl. ¶ IV.10.) Plaintiff also claims to have suffered "extreme emotional distress" as a result of Defendant's non-compliance with his requests for his medical records. (Compl. ¶¶ IV.11-12.) Plaintiff further claims that the Defendant's inaction has caused Plaintiff's medical treatment to be delayed and has interfered with the continuity of medical care for Plaintiff's unspecified ailment. (Compl. ¶ IV. 12.) For relief, Plaintiff seeks to recover an unspecified sum of compensatory and punitive damages. (Compl. ¶ VI.)

DISCUSSION

I. In Forma Pauperis Application

Upon review of Plaintiff's declaration in support of his application to proceed in forma pauperis, the Court finds that Plaintiff is qualified to commence this action without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED.

II. Application of 28 U.S.C. § 1915

Section 1915 of Title 28 requires a district court to

dismiss an in forma pauperis complaint if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii). The Court is required to dismiss the action as soon as it makes such a determination.

Courts are obliged to construe the pleadings of a pro se plaintiff liberally. See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004). However, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678; accord Wilson v. Merrill Lynch & Co., Inc., 671 F.3d 120, 128 (2d Cir. 2011). While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

4

III. HIPAA Claim

Insofar as Plaintiff seeks relief under HIPAA, such reliance is misplaced. HIPPA protects the <u>unauthorized</u> disclosure of confidential medical information and does not impose any affirmative obligation on a medical provider to disclose information at the request of an individual. Thus, given the facts presented in the Complaint, HIPAA has no application. Moreover, even if Plaintiff's allegations implicated HIPAA, there is no private right of action under the HIPAA law. <u>See, e.g.</u>, <u>Warren Pearl Constr. Corp., et al. v. Guardian Life Ins. Co. of Am.</u>, 639 F. Supp. 2d 371, 377 (S.D.N.Y. 2009) (collecting cases across numerous circuits standing for that proposition). Rather, HIPAA enforcement actions are in the exclusive purview of the Department of Health and Human Services. <u>See</u> 42 U.S.C. § 300gg-22(a) (explaining that "the Secretary" shall enforce HIPAA); <u>Ames v. Group Health Inc.</u>, 553 F. Supp. 2d 187, 192 (E.D.N.Y. 2008) (finding that case law is "clear that plaintiffs cannot bring a HIPAA enforcement action due to improper disclosures of medical information."). Thus, Plaintiff's HIPAA claim is not plausible and is DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

IV. N.Y. Public Health Law Claim

Since the Court has dismissed Plaintiff's HIPAA claim, there is no longer a basis for federal jurisdiction over

Plaintiff's state law claim. Under <u>Carnegie Mellon University v. Cohill</u>, 484 U.S. 343, 350, 108 S. Ct. 614, 98 L. Ed. 2d 720 (1988), a federal court should generally decline to exercise supplemental jurisdiction over state law claims if, as is the case here, the complaint asserts federal question jurisdiction but not diversity jurisdiction, and the complaint's federal claims are dismissed in the litigation's 'early stages.'" <u>See</u> also 28 U.S.C. § 1367(c)(3); <u>Tops Marks, Inc. v. Quality Markets, Inc.</u>, 142 F.3d 90, 103 (2d Cir. 1998) ("[W]hen all federal claims are eliminated in the early stages of litigation, the balance of factors generally favors declining to exercise supplemental pendent jurisdiction over remaining state law claims and dismissing them <u>without</u> prejudice." (emphasis in original)). Accordingly, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claim, and it is DISMISSED WITHOUT PREJUDICE to being refiled in state court.

CONCLUSION

For the reasons set forth above, Plaintiff's application to proceed <u>in forma pauperis</u> is GRANTED, however Plaintiff's HIPAA claim is <u>sua sponte</u> DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claim, and it is DISMISSED WITHOUT PREJUDICE to being refiled in state court.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3)

that any appeal from this Order would not be taken in good faith and therefore <u>in forma pauperis</u> status is DENIED for the purpose of any appeal.  See <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is directed to mail a copy of this Memorandum and Order to the <u>pro se</u> Plaintiff and to mark this case CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT<br>Joanna Seybert, U.S.D.J.

Dated:    January   29  , 2015
          Central Islip, New York